UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:24-CR-033-DPJ-ASH

LONNIE EVERILL

ORDER

Defendant Lonnie Everill filed a pro se motion [88] on August 8, 2025, asking the Court to reconsider the Judgment [78]. The relief he seeks has mostly occurred and is therefore moot. The only issue that has not been resolved is moot for a different reason and will be denied without prejudice.

First, Everill argues that the Judgment should have waived Mandatory Condition 3 as stated on the record at the sentencing hearing. Mot. [88] at 1. The Amended Judgment corrected that clerical mistake before Everill's motion was docketed. Am. Judgment [85] at 3. Second, Everill moved for appellate counsel. Mot. [88] at 2. But the Court granted Everill's other motion [82] seeking that same relief. *See* Order [86]. He is now represented.[1]

Everill's last two issues with the Judgment relate to Special Conditions 1 and 2:

1) You shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless in compliance with the installment payment schedule.

2) You shall provide the probation office with access to any requested financial information and inform the Court of any change in your economic status.

---

[1] Normally, the Court would not consider a pro se criminal filing from a represented defendant. *See United States v. Alvarado*, 321 F. App'x 399, 400 (5th Cir. 2009) ("Because Alvarado was represented by counsel in the district court, he was not entitled to file a pro se motion on his own behalf."). But the Court appointed Everill counsel "for purposes of his direct appeal only." Order [86] at 3.

J. [78] at 5.  According to Everill, these conditions should be reconsidered because he paid the restitution in full "immediately following sentencing."  Mot. [88] at 1.  If so, then Special Condition 1 would not apply by its own terms, and there is nothing to alter.

That leaves Special Condition 2.  The procedural posture for that relief is a little messy, and the most straightforward way to address it is to deny the motion as moot without prejudice to refiling.  Everill's motion [88] addresses the original Judgment [78], but before his motion was docketed, the Court entered the Amended Judgment [85].  So, the object of the motion is no longer operative, making this motion moot.

There are other complicating factors, the most significant of which is jurisdictional.  At this point, the Court does not know the basis for Everill's appeal.  If it includes this issue, then "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).  If the appeal does not include this issue, then jurisdiction would remain in this Court, and the issue may be one that can be easily addressed once in the correct posture.

The Court also notes that the Government did not respond to Everill's motion.  As such, the Court lacks full briefing on these issues, including the proper legal basis for modifying this condition and whether the request—made before supervision began—is premature.  It therefore makes sense to deny this motion [88] as moot without prejudice to refiling (but only if Everill does not appeal the special conditions).

**SO ORDERED AND ADJUDGED** this the 1st day of December, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

2