UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

V.   CRIMINAL NO. 3:24-CR-33-DPJ-ASH

LONNIE EVERILL

ORDER

On February 9, 2026, the Court received a pro se letter [104] from Defendant Lonnie Everill that has been docketed as a motion. Everill pled guilty to receiving child sex abuse material and was sentenced to 120 months in the custody of the Bureau of Prisons on June 30, 2025. Am. J. [85]. On July 10, 2025, he filed a notice of appeal [79] and is currently represented by appellate counsel. Order [86] (appointing Robert Mink, Sr. as counsel). This Order addresses the issues raised in his pro se motion.

I.   Motion for Relief from Judgment

Everill's latest motion follows up on a previous pro se motion for reconsideration [88], again seeking an amended judgment and commitment. Mot. [104] at 1. Everill signed his motion on November 30, 2025, but it was not postmarked until January 23, 2026. Envelope [104-1]. In the interim, the Court entered a December 1, 2025 Order [100] that addressed the issues Everill asserted in both his first motion for reconsideration [88] and in his latest request [104]. Thus, this motion is moot.

II.   Miscellaneous Relief and Request for Hearing

Next, Everill says he has not heard from his appellate counsel and that his mail is being improperly delayed by FCI Thomson, the federal correctional institution where he is serving his

sentence. Mot. [104] at 2–4. He asks that the case "be set for an emergency hearing to address these issues." *Id.* at 4.

**Delayed mail:** Everill is represented by counsel on appeal. So, if this issue relates to his pending appeal, his attorney must seek relief; Everill may not act pro se. *See United States v. Alvarado*, 321 F. App'x 399, 400 (5th Cir. 2009) ("Because Alvarado was represented by counsel in the district court, he was not entitled to file a pro se motion on his own behalf."). If, on the other hand, this is a matter he wishes to assert apart from his criminal appeal, then he would need to pursue that civilly.

**Appellate counsel:** Everill states that in the four months he has been at FCI Thompson, he has had no contact with his attorney and has received no updates on his appeal. Mot. [104] at 2. The Court first notes that it retains jurisdiction to consider his concerns even though a notice of appeal is pending.

> This circuit follows the general rule that the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded.

*Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983) (citing *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145–46 (5th Cir. 1982)).

The Fifth Circuit has "explained that under the exception to this general rule for aiding the appeal, the 'district court should have full authority to take any steps during the pendency of the appeal that will assist the court of appeals in [its] determination.'" *In re Hermesmeyer*, 688 F. App'x 300, 304 (5th Cir. 2017) (alteration in original) (quoting *Silverthorne v. Laird*, 460 F.2d 1175, 1178 (5th Cir. 1972)). Ensuring that an appellant can contact his attorney would seemingly "assist the court of appeals." *Id.* Indeed, other district courts have exercised their jurisdiction to enter orders related to appellate counsel. *See, e.g.*, *Edwards v. Rheems*, No. CV 22-290-SDD-

EWD, 2023 WL 2436960, at *1 (M.D. La. Mar. 9, 2023) (finding jurisdiction to appoint appellate counsel after notice of appeal).

That said, this issue may have been resolved since Everill penned his November 2025 motion. Mr. Mink is a diligent attorney, and he has been attempting to contact Everill. Indeed, Mr. Mink sought an extension of time to file the appeal noting his difficulty contacting his client. *See United States v. Everill*, No. 25-60367, Mot. [46]. If Mr. Mink has not spoken with Everill by now, then he will know Everill's concerns when this Order and Everill's motion [104] are docketed through the Court's electronic filing system. The Court therefore takes no action at this time, but if Mr. Mink has difficulty contacting his client, then he may raise the issue with United States Magistrate Judge Andrew S. Harris, who made the appointment.

III. Conclusion

Construing Everill's letter as re-urging his motion to reconsider [88], the request is moot considering the Court's December 1, 2025 Order [100] and Amended Judgment [85]. Everill's requests for miscellaneous relief and a hearing are denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 17th day of February, 2026.

                                  s/ *Daniel P. Jordan III*
                                  UNITED STATES DISTRICT JUDGE